FILED
Oct 06, 2025
09:01 AM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Benji Hurt | Docket No. 2025-80-1095 |
| v. | State File No. 80938-2024 |
| Vinebrook Homes Trust, Inc., et al. | |
| Appeal from the Court of Workers' Compensation Claims Allen Phillips, Judge | |

---

### Affirmed and Remanded

---

In this interlocutory appeal, the employer questions the trial court's decision to deny its third motion to compel discovery. The court granted the employer's first motion to compel and ordered the employee to provide written authorizations for the release of his medical records. The employee also provided responses to written discovery requests, but the employer asserted they were incomplete and filed another motion to compel, after which the employee supplied additional information. The employer then amended its motion to compel, arguing the employee's responses were still incomplete because he had objected to its request for copies of his bank statements. In a decision on the record, the trial court denied the employer's motion to compel production of the employee's bank statements, and the employer has appealed. Having carefully reviewed the record, we affirm the trial court's decision and remand the case.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Meredith B. Weaver joined.

Gregory H. Fuller and Katherine X. Hinkle, Brentwood, Tennessee, for the employer-appellant, Vinebrook Homes Trust, Inc.

Mark A. Lambert, Memphis, Tennessee, for the employee-appellee, Benji Hurt

### Factual and Procedural Background

Benji Hurt ("Employee") alleged injuries to his left shoulder on October 25, 2024, while working for Vinebrook Homes Trust, Inc. ("Employer"). He was evaluated at an emergency room the following day where x-rays were performed, and he was provided a

sling. Thereafter, he received authorized medical treatment from a physician's assistant at the Campbell Clinic in Germantown, who assigned lifting restrictions on November 7, 2024; however, Employer could not accommodate these restrictions, and Employee did not return to work. On December 26, an arthrogram revealed a small tear in Employee's left shoulder.

Employer filed a petition for benefit determination ("PBD") on February 18, 2025, and served Employee with interrogatories and requests for production of documents. In its PBD, Employer noted there was a "dispute regarding obtaining releases for medical records from [Employee]." On February 21, Employer filed a motion to compel Employee to provide the requested medical releases, and on March 5, the court ordered Employee to "sign and return the medical releases that [Employer] requested he sign on or before March 31, 2025." A dispute certification notice ("DCN") was issued in March, which indicated the parties did not agree on Employee's average weekly wage or compensation rate.

In April 2025, Employer filed a motion to compel written discovery responses. The trial court granted its motion and ordered Employee to respond to Employer's written discovery by May 5. Employee provided written responses to Employer on April 22, but, by correspondence dated May 21, Employer contended those responses were incomplete and requested supplementation. Specifically, that correspondence outlined Employer's alleged need for additional discovery regarding the following:

> Interrogatory No. 6: Have you actively searched for a job since your termination from [Employer] on January 3, 2025? Unless your answer is an unqualified[,] "No[,]" please describe the efforts that you have made to find employment.

> Interrogatory No. 12: Identify your cellular phone carrier for the month of October 2024 and list your phone number[] and account number at that time.

> Interrogatory No. 17: Did you follow all leave of absence policies that [Employer] requires? If yes, please describe which policies.

> Request for Production No. 10: For each bank you disclosed in response to Interrogatory #20 and each separate bank account you own or have access to, please provide a copy of your bank statements from October 24, 2024 to present.

> Request for Production No. 12: Screen shots of all text messages that you sent, to anyone, on October 25, 2024 and October 26, 2024.

Employee supplemented his discovery responses by providing the account number for his cellular carrier and information regarding Employer's "leave of absence" policies as they

pertained to him. However, Employee declined to provide information regarding his bank accounts.

The court held a show cause hearing on June 17 because neither party had requested a hearing within 60 days of the DCN as required by Tennessee Code Annotated section 50-6-239(a). At the hearing, counsel for Employee explained that Employer had filed the PBD for discovery purposes only and, because the discovery issue was resolved, he did not object to a dismissal of the petition. Counsel for Employer stated she had just received the discovery responses and believed that Employer may need more information regarding whether Employee may have been working while receiving temporary disability benefits. In its order, the court observed that the parties agreed Employee had been placed at maximum medical improvement in May 2025 and they "could attempt resolution of the case dependent upon the discovery issue resolution." The court stated Employer could file a supplemental motion to compel detailing the additional information it believed it needed.

On June 24, Employer filed an amended motion to compel supplementation of discovery. Employer argued that Employee's social media accounts revealed he owned a painting company that has a business social media account. Employee allegedly posted images on that account of him repairing a client's ceiling on December 20, 2024. Employer argued that Employee had failed to provide the requested information in response to its discovery requests regarding his ability to work and his actual return to work before reaching maximum medical improvement. Employee did not file a response to Employer's amended motion.

In a decision on the record, the court first noted that Employer wanted Employee's banking information because it may reveal income earned while he contemporaneously received temporary disability benefits. In its amended motion, Employer argued these documents are "relevant and discoverable" because Employee posted pictures on social media of himself working at the same time he was receiving treatment from an authorized physician. In his objections to the discovery requests, Employee asserted that these records "do not pertain to the medical treatment, injury, or compensability of the claim . . . [and] this request violates Employee's privacy and confidentiality," citing *Overstreet v. TRW Commercial Steering Division*, 256 S.W.3d 626 (Tenn. 2008). Employee further argued there is no statutory provision that mandates such a disclosure and that Employer's request is, among other things, overbroad or unduly intrusive. Employer countered that Employee's reliance on *Overstreet* was misplaced, as that case addressed the reasonableness of an employer's request for a medical evaluation and did not speak to "privacy principles." Instead, Employer contended that the bank records would allow it to compare the dates Employee received benefits against the dates he potentially received income.

In its July 18 order, the trial court denied Employer's motion to compel production of Employee's bank records, balancing Employer's asserted need for this information

3

against Employee's right to privacy. In considering the relevance and discoverability of the bank statements, the court considered whether such evidence "would make a fact of consequence more probable." The court noted Employer had also requested copies of pay stubs and other documents, including tax returns, to which Employee did not object. Consequently, the court concluded that "the privacy of the banking information for [Employee's] personal banking accounts outweighs the need for [Employer] to see that information." Employer has appealed.

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2024). A trial court's decision to grant or deny a discovery motion is reviewed under an abuse of discretion standard. *Johnson v. Nissan N. Am., Inc.*, 146 S.W.3d 600, 604 (Tenn. Ct. App. 2004). This standard "contemplates that before a reversal the record must show that a judge 'applied an incorrect legal standard, or reached a decision which is against logic or reasoning that caused an injustice to the party complaining.'" *Hubbard v. Sherman-Dixie Concrete Indus.*, No. E2010-02219-WC-R3-WC, 2011 Tenn. LEXIS 965, at *11 (Tenn. Workers' Comp. Panel Oct. 18, 2011) (quoting *State v.* Farrell, 277 S.W.3d 372, 378 (Tenn. 2009)). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2024).

## Analysis

In its notice of appeal, Employer asserts the trial court erred by denying its motion to compel Employee to produce his bank statements from the date of injury to the date of maximum medical improvement, stating that "Employee showed the ability to return to work for his own business through social media posts, while still collecting [temporary total disability benefits]." In its brief on appeal, Employer argues that neither the United States Constitution nor Tennessee's Constitution provides a privacy right in bank statements and, therefore, the trial court erred when it excluded Employee's bank statements.[1] Employer asserts it is "well settled federal law and Tennessee state law . . . [that] bank statements are business records of banks and therefore are not within a traditional 'zone of privacy.'" Here, Employer argues that it issued a subpoena to Employee's bank and sent service to Employee on the same day. The subpoena was

---

[1] Employer also filed a document titled "Appellant's Statement of the Evidence." In an order, the trial court declined to certify the "statement of the evidence" as a "fair and accurate summary of the testimony presented at the hearing," as the order being appealed had been entered after a motion hearing at which no live testimony was heard. *See* Tenn. Comp. R. & Regs. 0800-02-22-.05(1) (describing a statement of the evidence as "summarizing the live witness testimony presented at the hearing"). The order declining to certify the statement of the evidence was not appealed.

personally served, and Employer received the records in response to its subpoena.[2] Employer contends Employee never moved to quash the subpoena; therefore, the subpoena was valid, and all information gathered "is relevant to [Employee] gaining the ability [to] work and is not outweighed by any privacy interest as such interest does not exist." Employer further asserts the court erred by excluding relevant evidence by "outweighing [sic] the relevancy of bank statements indicating [Employee's] ability to work and operate his business over the privacy interest of bank statements of which [Employee] does not have a privacy right to." Finally, Employer contends that these records provide a "snapshot" of wages that paystubs and tax returns cannot.

For his part, Employee argues that Employer misstates the law and facts by "relying primarily on criminal cases involving Fourth Amendment protections rather than civil discovery standards" and that Employer "ignores the established framework for balancing probative value against privacy interests under Tennessee Rule of Evidence 403." Further, Employee asserts that "[p]ersonal banking records do not establish [an] 'ability to work' under Tennessee law," and that less invasive discovery methods were available to Employer.

We conclude, however, that Employer has mischaracterized the trial court's order. Contrary to its assertion, the trial court did not "exclude" evidence in its July 18 order. Instead, the trial court was asked to address a motion to compel *Employee* to produce the bank records; it was not asked to address the validity of a subpoena or the admissibility of information obtained through a subpoena. The court denied Employer's motion *to compel Employee* to produce his bank records, nothing more. Therefore, Employer's arguments regarding subpoenas and Fourth Amendment searches and seizures are immaterial to the issue at hand.

As the Tennessee Court of Appeals explained in *Johnson v. Nissan N. Am., Inc.*, 146 S.W.3d 600 (Tenn. Ct. App. 2004),

> Analyzing whether a discovery request is proper requires the balancing of numerous considerations. There is no sharp line of demarcation which separates the field in which discovery may be freely pursued from that in which it is forbidden. These considerations include relevancy or reasonable possibility of information leading to discovery of admissible evidence;

---

[2] In its brief on appeal, Employer argues that subpoenaed bank records show income received from United Painting Company during the same period Employee was receiving temporary disability payments; however, those statements are not contained in the record, were not considered by the trial court, and are not the subject of this appeal. Accordingly, we will not consider evidence that has not been presented to and considered by the trial court. *See* Tenn. Comp. R. & Regs. 0800-02-22-.02(2) (2023); *see also Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App. Bd. LEXIS 14, at *13 n.4 (Tenn. Workers' Comp. App. Bd. May 18, 2015) ("[W]e will not consider on appeal testimony, exhibits, or other materials that were not properly admitted into evidence at the hearing before the trial judge.").

privilege; protection of privacy, property[,] and secret matters; and protection of parties or persons from annoyance, embarrassment, oppression, or undue burden or expense.

*Id.* at 605 (internal quotations marks and citations omitted).

As we have stated previously, pursuant to Rule 26 of the Tennessee Rules of Civil Procedure, discovery must be relevant to the subject matter of the action or reasonably calculated to lead to the discovery of admissible evidence, and it must be appropriate to the needs of the case. Tenn. R. Civ. P. 26.02(1). Rule 26.02 specifically gives a trial court the discretion to limit discovery depending on "the needs of the case, the amount in controversy, . . . and the importance of the issues at stake in the litigation." *Id.* In addition, the trial court must properly balance Employer's need for this information against the harm that could result from its disclosure. In *West v. Schofield*, 460 S.W.3d 113, 127-28 (Tenn. 2015), the Tennessee Supreme Court discussed the balancing test a trial court must use when analyzing discovery disputes. It stated that *even if* the requested information is not privileged and is relevant to an issue in the case, the trial court should still "balance the specific need for the information against the harm that could result from disclosure." *Id.* In doing so, the trial court in *West* considered, among other things, the privacy and property interests of the party from whom the information was being sought.

Here, the court ultimately concluded that Employee's privacy interests in his personal banking records outweighed Employer's need to obtain that information, especially since it had already obtained other documents, including pay stubs and tax returns, reflecting his earnings. We find nothing in the record indicating that the trial court abused its discretion in denying Employer's motion.

**Conclusion**

For the foregoing reasons, we affirm the trial court's order and remand the case. Costs on appeal are taxed to Employer.



**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | |
|---|---|
| Benji Hurt | Docket No.  2025-80-1095 |
| v. | State File No.  80938-2024 |
| Vinebrook Homes Trust, Inc., et al. | |
| Appeal from the Court of Workers' Compensation Claims Allen Phillips, Judge | |

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 6th day of October, 2025.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Gregory H. Fuller | | | | X | ghfuller@mijs.com kxhinkle@mijs.com |
| Mark A. Lambert | | | | X | mlambert@calljmb.com catrina@calljmb.com |
| Allen Phillips, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov